### SMITH et al. v. IRVIN et al.

(Supreme Court, Appellate Division, First Department. December 21, 1906.)

1. PLEADING—COPY OF ACCOUNT ALLEGED—FAILURE TO FURNISH—EFFECT.

Code Civ. Proc. § 531, provides that it is not necessary for a party to set forth in a pleading the items of an account alleged, but that in such case he must deliver to the adverse party within 10 days after written demand therefor a copy of the account, and that in default thereof he is precluded from giving evidence of the account. *Held*, that where plaintiff made a demand for accounts, and, not having received them within the specified time, moved for an order precluding defendants from giving evidence thereof, it was within the discretionary power of the court in the order precluding the giving of evidence to provide that it should be effective unless copies were furnished within a specified time.

2. SAME.

Where plaintiff moved for an order precluding defendants from giving evidence of accounts, an order requiring defendants to furnish copies of the accounts within a specified time should be modified by providing that the defendants be precluded from giving evidence of the accounts unless the accounts be furnished within such time.

Appeal from Special Term, New York County.

Action by Mary I. Smith and another against Mary M. Irvin and others. Appeal by defendants from an order directing plaintiffs to deliver to plaintiffs' attorney copies of certain alleged accounts. Modified and affirmed.

See 95 N. Y. Supp. 731.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Lord, Day & Lord and Darius E. Peck (Francis Woodbridge, of counsel), for appellants.

A. Coleman Smith (Robert Kelly Prentice, of counsel), for respondents.

PER CURIAM. The defendants in their separate answers plead certain accounts heretofore made as a defense. We are of the opinion that in pleading said accounts the defendants properly conformed to the provisions contained in the first paragraph of section 531 of the Code of Civil Procedure, in which it is set forth that "it is not necessary for a party to set forth in a pleading the items of an account therein alleged," but that, having pleaded in accordance with said provisions the mere fact of the account, the subsequent provisions of

the section, which are as follows: "But in that case he must deliver to the adverse party within ten days after a written demand thereof, a copy of the account which, if the pleading is verified, must be verified by his affidavit to the effect that he believes it to be true. * * * If he fails so to do he is precluded from giving evidence of the account" —apply. The plaintiff made a demand for the accounts as provided for in said section, and, not having received them within the specified time, made a motion before the Special Term for an order precluding the defendants from giving evidence thereof. The learned court did not grant the motion as made, but did require the defendants to furnish copies of the said accounts to the plaintiffs' attorney within 20 days, and it is from that order that the defendants appeal.

We think the plaintiff was entitled to the accounts, and, if not, to the relief demanded. But we think that it is within the discretionary power of the court, in the order precluding the giving of evidence, to provide that said order shall be effective unless copies of the accounts are furnished within a specified time. Plaintiff is entitled to these accounts as a matter of right under the first part of said section, and not as a matter of discretion as of a bill of particulars, as is provided for in the latter part of the section.

The order appealed from should, therefore, be modified by providing that the defendants be precluded from giving evidence of the accounts or statements referred to in paragraph 9, subdivisions 6, 13, 14, and 20 of each of their answers, unless within 20 days after the entry of the order and service of a copy thereof with notice of entry they furnish to the plaintiffs' attorney copies of the accounts set up in the said paragraphs of each of their said answers, and, as so modified, affirmed, without costs to either party.